## HARDY vs. HUNT.

*Sixth District Court for Sacramento Co., Dec. T.,* 1857.

### BAILMENT.

An action is properly brought in the name of the principal to recover back a deposit made by his agent.

A party who deposits money with a stakeholder parts with no property therein so long as it remains in the possession of the latter, and until he should have paid it over, the creditors of the depositor could acquire a lien upon it by attachment.

On motion for a new trial upon alleged error of law appearing in the finding of the court in a former trial. The facts of this case as well as the finding of the court are reported in 1 *Cal. District Court R.* 330.

*Smith & Hardy*, for plaintiff.

*Winans & Hyer*, for defendant.

BOTTS, J.— *O'Brien* was authorized by plaintiff to bet $500 for him upon the election of sheriff; he made the bet in his own name, with one *Harris;* the plaintiff gave him a check to enable him to put up the money; *O'Brien* drew the money upon the check, and deposited it with the defendant as stakeholder, without disclosing his prin-

cipal, but treating the money and the bet as his own. The creditors of *O'Brien* attached the money in the defendant's hands, and the defendant, under an order by the justice from whose court the attachment issued, paid the money to *O'Brien's* creditors. In compliance with an arrangement between the plaintiff and *Harris*, four hundred dollars of *Harris'* deposit were returned to him, and the remaining one hundred were paid to the plaintiff by the defendant; the sum of $70.70, the remainder of *O'Brien's* deposit, after deducting the amount paid to *O'Brien's* creditors, was paid over by defendant to plaintiff. This action is brought to recover $429.30, the amount paid by defendant to the creditors of *O'Brien*.

Upon the trial of this cause, I thought that the plaintiff had no right of action against the defendant, for want of privity. Thus it was held: J. being an attorney authorized to receive rents due his client, went away, leaving his clerk with directions to collect these rents in his absence; he never returned; the clerk collected the rents; but in an action by the client, it was held he could not recover, for want of privity. See 1 *Salkeld*, 28, 11 *Mod.* 146.

B., the managing owner of a ship, employed C. to collect moneys due the ship. The part owners sued C. for the moneys so collected. Held, that there was no privity. *Darnton* v. *Pigman, Peake's Ad. Cas.* 111.

In *Williams* v. *Everett* 14 *East.*, 597, it was held by lord ELLENBOROUGH, that no action lay by one for whose benefit a bill is remitted, until the person to whom the bill is remitted is connected with the beneficiary by a promise to pay.

In *Carnegie* v. *Morrison*, 2 *Metcalf* 391, a deposition of *Sir F. Pollock*, now *Baron Pollock*, of the Exchequer, was read, to the effect that, by the law of England, no action could be maintained by A. against C. for money deposited for his use by B.

There is no doubt these authorities are in direct opposition to many American cases, and the plaintiff now produces two cases directly in point. The first is that of the *Duke of Norfolk* v. *Worthy*, 1 *Campb.* 337; and the second is, *Yates* v. *Foot*, 12 *John.* 1. In the first case, the *Duke of Norfolk* sues to recover back a deposit made by his agent, the deposit being made by the agent in his own name. Lord ELLEN-

BOROUGH held that the suit was properly brought in the name of the principal, and this decision was affirmed by the court of King's Bench. The second case was identical with the one at bar, and chancellor KENT held that the action could be maintained by the principal, and in this opinion he was sustained by the whole court of errors. I cannot oppose my own opinion to that of chancellor KENT and the court of King's Bench.

But it is contended that, even if upon general principles the plaintiff could sue for the money deposited by his agent, there are circumstances connected with this case that would render this recovery inequitable. It is urged that the plaintiff having clothed *O'Brien* with the *indicia* of ownership, he cannot now contest the lien of *O'Brien's* creditors. It will be remembered that the debts of *O'Brien*, on which these attachments were issued, arose long prior to this transaction, so that it can hardly be pretended that these creditors trusted *O'Brien* upon the faith of the ownership of this money which the plaintiff permitted him to assume. If the plaintiff can entertain this action at all, it must be upon the ground of his title to the property bailed to the defendant. If the money deposited with the defendant was the property of the plaintiff, it is difficult to understand how it could be subjected to the debts of a third person. We are referred to the case of *Ball* v. *Gilbert*, 12 *Metcalf* 397. That case, if it be law, decides no point in this case. There it was held that wagers upon elections were void : that money deposited upon such a wager continued to be the property of the depositor as long as it remained in the hands of the stakeholder ; and, undoubtedly, under that decision, the creditors of the depositor might secure a lien by attachment. In other words, that court ignores any interest in the winner of the wager. But that case does not determine the point in issue here, which is, who is the real depositor, *O'Brien* or *Hardy?* Upon the authority of *The Duke of Norfolk* v. *Worthy*, and *Yates* v. *Foot*, I am constrained to hold that the plaintiff, *Hardy*, was the depositor of the money, and that it was not liable for the prior debts of his agent, *O'Brien*.

The motion for a new trial is granted.